**UNITED STATES of America**

v.

**José A. PÉREZ–VEGA, Ruth Herrera, José A. Pérez-Martínez, and Edilberto Irizarry-Ríos.**

**Cr. No. 85–65.**

United States District Court
D. Puerto Rico.

Jan. 28, 1966.

**430**

Francisco A. Gil, Jr., U. S. Atty., and Gilberto Gierbolini, and Antonio Córdova-González, Asst. U. S. Attys., San Juan, P. R., for plaintiff.

Gerardo Ortiz-Del-Rivero, San Juan, P. R., for defendants.

CANCIO, District Judge.

The defendants in this case are a private detective, his wife, his son, and an employee. Defendant José A. Pérez-Vega has been working as a private detective [1] for the past fourteen years. He is the owner of three corporations: "Escuela Alianza para el Progreso, Inc." (Alliance for Progress School, Inc.) [held out to be a correspondence school for detectives]; "Sociedad Internacional de Investigadores Profesionales, Inc." (International Society of Professional Investigators, Inc.) [claimed to be a detective agency]; and "Yira, Inc." Defendants' offices consist of two rooms. The records of all three corporations are kept there.

On February 11, 1964, a federal marshal and several postal agents went to the offices of the above mentioned corporations. Under color of a search warrant, they carried out an exhaustive search of the premises and admittedly carried away six sacks of materials, constituting the totality of the papers on the premises, as well as a considerable amount of uncashed checks and money orders. Defendants claim that this seizure was illegal.

A complaint was brought against the defendants but on July 9, 1965, Chief Judge Ruíz-Nazario entered an order requiring the United States Attorney to bring an indictment against the defendants before August 11, 1965, or that, otherwise, the case would be dismissed. The United States Attorney failed to bring an indictment within the specified period and the complaint was dismissed on August 17, 1965 by Senior Judge William C. Mathes.[2]

On September 21, 1965, defendants filed a motion for return of property. On September 30, 1965, a true bill in twenty-five counts was returned by the Grand Jury; arraignment was set, and

1. The profession of private detective had never been officially regulated or recognized in Puerto Rico until the approval of Law Number 108 on June 29, 1965, which became effective on July 1, 1965. The action herein is prior to the effective date of that Law.

2. Sitting by appointment.

warrants of arrest were ordered issued against the defendants.

On October 22, 1965, the motion for return of property of September 21, 1965 was withdrawn and in its stead, a motion for return of property and to suppress evidence was filed. It is this motion we now have before us.

Defendants allege two main grounds in support of their motion: (1) the search warrant was invalid as being too broad and not meeting the stautory requirements; and (2) the search is not cured as being incidental to an arrest.[3]

The United States Attorney in open court defended the validity of the search warrant; but, upon being pressed by the presiding judge, he conceded that the affidavit upon which it was issued was insufficient. This is patently so. But since this has been conceded, we need not go into this aspect of the case.

The United States Attorney urges, however, that the search and seizure is valid since it can be considered as a search and seizure incidental to a valid arrest. We feel that the United States Attorney has taken this position, forced by the circumstances, trying to save a case he believes in. Clearly, the argument that he presented in open Court was an afterthought, suggested by the pressing urgency created when it was obvious that the search warrant was invalid. There can be no doubt whatsoever that the parties searching the premises here in question had no other thought but that they were acting under the authority of a search warrant. The search that they carried out shows that they complied with the requirements of a search pursuant to a search warrant, which are certainly more ample than those of a search pursuant to a valid arrest. Nobody can seriously contend that they were acting knowingly pursuant to a warrant for arrest and as an incident to the arrest and not pursuant to the search warrant in their possession. The argument is specious. Such a theory would make unnecessary the securing of search warrants and would fly in the face of the Fourth Amendment.

 The Fourth Amendment assures ["t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Fruits of governmental violations of this guarantee can not be used in a criminal prosecution. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652.

 Irrespective of whether or not a search is valid at its inception, the Fourth Amendment forbids any search which is unreasonable. The Amendment is to be construed liberally in order to safeguard the rights of individuals to the privacy of their homes and their places of business as well. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520. The protection is guaranteed by the Fourth Amendment to potential offenders as well as to the law abiding. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145.

 Under our system of law, all persons are presumed to be innocent until they are proven guilty before a court of law. Those who proceed with or without warrants for search or arrest must keep in mind that they are going against suspects and not against convicted criminals.

 The authority of officers to search an individual's house or place of business contemporaneously with or incidental to the arrest of that individual pursuant to a valid warrant of arrest, certainly is not greater than that conferred by a search warrant issued upon adequate proof and sufficiently describing the premises and objects sought to be obtained. United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877; Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374.

 As the United States Attorney points out, a reasonable search without

---

3. This second allegation was made in open court when it became apparent that the search warrant was not valid.

a search warrant is justifiable where it is pursuant to a lawful arrest. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399.

■ If respondents' papers were wanted by the officers, solely for use as evidence of the crime of which respondents were accused or suspected, they could not lawfully be searched for and taken, even under a search warrant issued upon ample evidence, and precisely describing such things and disclosing exactly where they were. United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647. Here, the search was exploratory and general and made for the purpose of finding evidence of respondents' guilt of the crime alleged. It must further be remembered that the objects obtained here were obtained through the use of an illegal search warrant. Besides, everything that was obtained as a result of the search was what was described in the search warrant.

■ The United States Attorney argues that the search and seizure here under scrutiny should be looked upon as one which is incidental to a valid arrest. Concededly, such a search, under appropriate circumstances, may extend beyond the person of the one arrested to include the premises under his immediate control. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. "The right without a search warrant contemporaneously to search persons lawfully arrested *while committing crime* and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted." Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145.

■ The mandate of the Fourth Amendment requires from all the adherence to judicial processes. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145. Only where the search is incidental to a valid arrest, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, under exceptional circumstances, Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, may an exemption to the adherence to judicial process lie. If so, the burden is upon those seeking the exemption to show the need for it. McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153. In so doing, the amendment does not place an unduly oppressive weight on law enforcement officers. It merely interposes an orderly procedure under the aegis of judicial impartiality that is necessary to obtain the desired protection of individual rights. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59.

■ It is accepted that the premises where an arrest is made, which premises are under the control of the person arrested and where the crime is being committed, are subject to search without a search warrant. Such a search is not unreasonable. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

■ The present situation is not one where the arresting officers did not have an opportunity to get a search warrant. Here the arresting officers had in their possession both a warrant to search the premises and some warrants for arrest. They exhibited the search warrant and proceeded to execute a search and to seize materials in reliance upon that search warrant. Now, since it has been admitted that the sworn statement upon which the search warrant was issued was too vague to make the warrant valid,[4] the United States Attor-

4. It must be borne in mind that the search in question was commenced under color of a search warrant and was terminated under color of that warrant. This very same warrant was, from its inception, invalid. Consequently, the seizure can not at this stage be justified on the grounds that it was incidental to a valid arrest.

ney argues that the search carried out in the same terms of the invalid search warrant was incidental to a valid arrest under a valid warrant of arrest. This theory is clearly an afterthought. The arresting officers acted under a search warrant. That search warrant was invalid. Therefore, the objects seized were improperly seized in violation of the Fourth Amendment.

In view of the foregoing, the motion for return of property and suppression of evidence is well taken; and, it is hereby adjudged and ordered that the property seized in virtue of the aforementioned search warrant be returned to those persons from whom it was taken; and, it is further ordered that the United States Attorney, in prosecuting his case against the defendants, shall refrain from using as evidence any object or knowledge obtained in that search and seizure.

It is so ordered.